IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, )
KEN LAMBERT, GERARD SCARANO, H. J. BRAMLETT, )
EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, )
MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL )
SCHMERBECK, VINCENT DELAZZERO, )
and BENJAMIN CAPP, )
as Trustees of, and on behalf of, the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL )
PENSION FUND, )
    620 F Street, N.W. )
    Washington, DC  20004 )
    (202) 783-3788, )
  )
   and )
  )
JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES )
BOLAND, TED CHAMP, RAYMOND CHAPMAN, )
VINCENT DELAZZERO, BRUCE DEXTER, JOHN FLYNN, )
EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, )
DAN KWIATKOWSKI, KEN LAMBERT, SANTO )
LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, )
EDWARD NAVARRO, GERALD O'MALLEY, JOHN )
PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, )
GERARD SCARANO, MICHAEL SCHMERBECK, PAUL )
SONGER, JOSEPH SPERANZA, and FRED VAUTOUR )
as Trustees of, and on behalf of, the )
INTERNATIONAL MASONRY INSTITUTE, )
    620 F Street, N.W. )
    Washington, DC  20004 )
    (202) 783-3788, )
  )
  )
                Plaintiffs, ) Civil Action No.
  )
                v. )
  )
PHILLIPS MASONRY GROUP, INC., )
    1103 South Main Street )
    Columbia, TN  38401, )
  )
               Defendant. )
  )

## **COMPLAINT**

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

## CAUSE OF ACTION
### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund") and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the United States, specifically Section 502(a)(3), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145. Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court as to the claims brought on behalf of the IPF and IMI.

2. The IPF and IMI are administered in the District of Columbia. Venue for the claims asserted by the IPF and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

### Parties

3. Plaintiffs, John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero and Benjamin Capp, are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of

Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IPF trustees bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

4.      The IPF is also authorized to effect collections on behalf of the IMI pursuant to a written Assignment of Claims and the Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers ("Collection Procedures").

5.      Plaintiffs, Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent Delazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber, William McConnell, Edward Navarro, Gerald O'Malley, John Phllips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza and Fred Vautour, are Trustees of, and sue on behalf of the IMI. The IMI is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI trustees bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI in their respective capacities as fiduciaries.

6.      Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions ("Union").

## Violation Charged

7.      Phillips Masonry Group, Inc. acting through its authorized agents or officers, executed the Standard Form of Participation Agreement of the Nashville Mason Contactors Association (the "Association"), which bound Defendant to both the Participation Agreement

3

and the terms and conditions of the Association's Collective Bargaining Agreement with the Union. The Association's Standard Form of Participation Agreement executed by Defendant, and its Collective Bargaining Agreement with the Union, are annexed hereto as Exhibits A and B and are hereinafter referred to as the "Agreements."

8.    Pursuant to the Agreements, Defendant agreed to make certain payments to the IPF and IMI on behalf of covered employees of Defendant.

9.    Having submitted some contributions Defendant has demonstrated an awareness of the obligation to make those payments.

10.    An examination of Defendant's books and records ("audit") performed by the independent accounting firm of Calibre CPA Group PLLC covering the time period March 2, 2004 through December 31, 2005 revealed that Defendant failed to properly submit required reports and contributions for work performed during this time period.

11.    The total of contributions due the IPF and IMI by Defendant for work performed during the time period March 2, 2004 through December 31, 2005, as determined by the audit, amounts to $20,732.10.

12.    Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, interest in the amount of $3,822.96, calculated at the rate of 15 percent per annum from the Due Date, and liquidated damages in the amount of $4,146.46 at the rate of 20 percent, have been assessed on such delinquent contributions determined due by the audit.

13.    Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreements.

2226919.01

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  For the total amount of $33,000.45, which is constituted as follows:

   a.  For unpaid contributions in the amount of $20,732.10 payable to the IPF and IMI for the time period March 2, 2002 through December 31, 2005, plus any and all additional amounts found to be due and owing through the date of judgment (ERISA  Section 502(g)(2)(A); Collection Procedures);

   b.  For interest in the amount of $3,822.96 assessed on such unpaid contributions, calculated at 15 percent per annum from the Due Date (ERISA Section 502(g)(2)(B); Collection Procedures);

   c.  For liquidated damages in the amount of $4,146.46 assessed on such unpaid contributions, at the rate of 20 percent (ERISA Section 502(g)(2)(C)(ii); Collection Procedures);

   d.  For the costs of filing this action in the amount of $350.00 (ERISA Section 502(g)(2)(D));

   e.  For the costs of conducting the audit in the amount of $3,092.05 (ERISA Section 502(g)(2)(D));

2.  In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D)).

3.  That Defendant be directed to comply with its obligations to submit all required reports and to make all contributions due and owing to the IPF and IMI and to pay the costs and disbursements of this action.

2226919.01

4. Such other relief as this Court deems appropriate, including judgment for any contributions and interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: March 30, 2007

By: _____

Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
 DICKSTEIN SHAPIRO  LLP
 1825 Eye Street, NW
 Washington, DC  20006
 (202) 420-2200

Attorneys for Plaintiffs

6

**EXHIBIT A**

# BRICKLAYERS AND TROWEL TRADES
## INTERNATIONAL PENSION FUND

### "STANDARD FORM OF PARTICIPATION AGREEMENT"

The Undersigned Employer and Union represent that the only agreement between the said parties regarding pensions or retirement for employees covered by the Collective Bargaining Agreement between the parties is as follows:

1.     (a)   Commencing with the 1st day of _MQ____ _____, 200 2, and for the duration of the current Collective Bargaining Agreement between the said parties, and any renewals or extensions thereof, the Employer agrees to make payments to the Bricklayers and Trowel Trades International Pension Fund for each employee covered by the said Collective Bargaining Agreement, as follows:

(b)   For each hour or portion thereof, for which an employee received pay, the Employer shall make a contribution of $ 1. 50 __ to the above named Pension Fund.

(c)   For purposes of this article, each hour paid for, including hours attributable to show up time, and other hours for which pay is received by the employee in accordance with the Collective Bargaining Agreement, shall be counted as hours for which contributions are payable.

(d)   Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by the Collective Bargaining Agreement. This includes, but is not limited to, apprentices, helpers, trainees, and probationary employees.

(e)   The payments to the Pension Fund required above shall be made to the Bricklayers and Trowel Trades International Pension Fund, which was established under an Agreement and Declaration of Trust dated June 29, 1972, a copy of which has been signed by the Employer in the space provided at the end of such agreement, or to which the Employer has become bound by the signing of some other written instrument.

2.     It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to have an independent Certified Public Accountant audit the payroll wage records of the Employer for the purpose of determining the accuracy of contributions to the Pension Fund.

08/17/2004 14:48 FAX 931 388 8860          PHILLIPS & MASONRY GROUP                    ☐001

PHILLIP'S MASONRY GROUP INC
296812 0004 TN 1

3.    If an Employer fails to make co[...]
days after the date required by the Trustees, the Union shall have the right to take
whatever steps are necessary to secure compliance with the Agreement, any provision of
the Collective Bargaining Agreement to the contrary notwithstanding and the Employer
shall be liable for all cost for collecting the payments due together with attorney's fees
and such penalties which may be assessed by the Trustees. The Employer's liability for
payment hereunder shall not be subject to the grievance or arbitration procedure or the
"no-strike" clause provided under the Collective Bargaining Agreement.

4.    It is agreed that the Pension Plan adopted by the Trustees of the said Pension
Fund shall at all times conform with the requirements of the International Revenue Code
so as to enable the Employer at all times to treat contributions to the Pension Fund as a
deduction for income tax purposes.

5.    The parties agree that this Participation Agreement shall be considered a part of
the Collective Bargaining Agreement between the undersigned parties.

6.    The expiration date of the present Collective Bargaining Agreement between the
undersigned parties is April 30, 200 5. Copies of the Collective
Bargaining Agreement and all renewal or extension agreements will be furnished
promptly to the Pension Fund Office and, if not consistent with the Participation
Agreement, can be used by the Trustees as the basis for termination of participation of the
Employer.

FOR LOCAL UNION NUMBER  05  BAC
City Nashville  State TN

By  Darrell E. Gray
            Authorized Officer

FOR THE EMPLOYER:

Phillip's Masonry Group, Inc.
            Name of Employer

Address  P. O. Box 2058  Columbia, TN  38402-2058

By  Carol Smith          Sec-Treas.
            Authorized Officer

Date  August  17, 200 4

**EXHIBITB**

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 1

*04 TN
TN0210*

RECEIVED MAY 0 6 2002

COLLECTIVE BARGAINING AGREEMENT
BETWEEN
NASHVILLE MASON CONTRACTORS ASSOCIATION
AND
BRICKLAYERS LOCAL UNION NUMBER 5
NASHVILLE, TENNESSEE
MAY 1, 2002
Through
APRIL 30, 2005

WHEREAS, it is the desire of the Contractors and the Union to enter into a lawful
contract to promote peace and harmony between themselves to facilitate peaceful
adjustments of grievances and disputes between themselves; to prevent waste and
unnecessary and avoidable delay and expense; and for the further purpose of securing for
the Contractors sufficient skilled workmen, and, as far as possible, to provide for such
workmen continuous employment, such employment to be in accordance with conditions
herein set forth, and at the wages herein agreed upon; in order that a stable condition may
prevail between the contracting parties, and that building costs may be as low as possible
consistent with fair wages and conditions; and, further, to establish the necessary
procedure by which these ends may be accomplished. NOW, THEREFORE, in
consideration of the premises and other respective covenants and agreements of the
parties hereto, it is agreed:

ARTICLE I - AGREEMENT

Definition of Terms

1. The term "Employer" as used in this Agreement shall be deemed to include
the members of the Nashville Mason Contractors Association, whose employees are
represented by Local No. 5 of the Bricklayers and Allied Crafts of the International
Union (AFL-CIO).

2. The term "Employee" as used in this Agreement shall be deemed to mean any
person working for any Employer whose employees are represented by Local No. 5 as
collective bargaining agent.

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 2

    3. The term "Masonry" as used in this Agreement shall be deemed to mean brick masonry, stone masonry, marble masonry, tile setters, terrazzo workers, artificial masonry, pointing, caulking, and cleaning of masonry work.

    4. The Employer agrees to recognize Local No. 5 as exclusive representative of all the Employees in the classifications herein set forth for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment.

    5. Jurisdiction. This agreement shall cover the following counties in Middle Tennessee:

| | | | | |
|---|---|---|---|---|
| Bedford | Decatur | Hickman | Maury | Stewart |
| Benton | Dekalb | Houston | McNairy | Sumner |
| Cannon | Dickson | Humphreys | Montgomery | Trousdale |
| Carroll | Fentress | Jackson | Obion | Warren |
| Cheatham | Gibson | Lake | Overton | Wayne |
| Chester | Giles | Lawrence | Perry | Weakley |
| Clay | Hardeman | Lewis | Puckett | White |
| Coffee | Hardin | Lincoln | Putnam | Williamson |
| Crocket | Haywood | Macon | Robertson | Wilson |
| Cumberland | Henderson | Madison | Rutherford | |
| Davidson | Henry | Marshall | Smith | |

    Effective June 1, 1995 the following counties in Kentucky will be included under this Agreement:

| | | |
|---|---|---|
| Allen | Logan | Todd |
| Barren | Metcalfe | Trigg |
| Calloway | Monroe | Warren |
| Christian | Simpson | |

    Local No. 5 agrees to furnish mechanics to above areas.

Employee Subcontracting

    6. Employees within the bargaining unit agree, in consideration of the benefits contained in this Agreement, that they will not contract for masonry work in excess of $1,000.00 for any one job during the period of this collective bargaining agreement.

TNO2ID

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 3

7. Should any employee within the bargaining unit desire to become a Contractor and perform work under this Agreement, he shall first withdraw from the bargaining unit, and then qualify as a responsible Contractor by being capable of taking off his own quantities, superintending his own work, financially able to meet his own payroll, carry retained percentages, workmen's compensation and liability insurance, purchase his own materials, and qualify for bond in his own name.

8. The parties hereto agree that not more than one member of the firm of any Contractor shall work on any job as a mason mechanic; nor shall more than one firm contract for the masonry on any particular job at the same time.

9. Savings Clause. It is not the intent of either party hereto to violate any of the laws or any rulings or regulations of any governmental authority or agency having jurisdiction of the subject matter of this Agreement, and the parties hereto agree that in the event any provisions of the Agreement are held or constituted to be void as being in contravention of any such law, rules, or regulations nevertheless, the remainder of the Agreement shall remain in full force and effect.

10. Visitation Rights. No business Agent or Secretary of said Union shall be molested or interfered with when visiting any building under construction upon which employees within the bargaining unit are working.

Employment

11. The Employer agrees to give equal consideration to prospective employees furnished through the employment facilities of Local No. 5 when in need of employees. Local No. 5 agrees to furnish mechanics to Contractors covered by this Agreement on an unbiased basis.

12. All parties to this Agreement agree not to discriminate against any applicant for employment or employee because of sex, race, color, creed, national origin, or religion.

13. When a member in good standing becomes fifty years of age, he is not to be denied employment because of his age. For each six members on Contractor's payroll, one member in this group shall be employed.

14. All traveling Contractors working in this jurisdiction shall employ a fair percentage of local mechanics and foremen. Contractors are permitted to use speed leads, corner poles, and lines. There will be no restriction on amount of work by employees.

TN0210

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 4

15. Union Steward. Job stewards, if used, will be appointed. There will be no restrictions to time required for his proper functions.

Working Hours

16. For normal masonry work, forty hours per week will be the maximum allowable hours at regular rate. Pay for time over forty hours will be time and one-half. Work performed on Sundays and listed holidays will be at double time.

17. For refractory work, hot work, dirty work, stack work, and any other specialty type work:

(a) Normal work hours will be between the hours of 7:00 a.m. till 3:30pm.

(b) When it is necessary to work men in shift work, the 1st shift shall be 8 hours per day the 2nd shift shall be 7 hours per day and the 3rd shift shall be 7 hours per day. Any hours worked above the listed work hours shall be paid at the rate of double time. All work performed on Saturday and Sunday and listed holidays shall be paid at the rate of double time.

(c) Any shift work or overtime over ten hours, a one-half hour mealtime shall be every four hours.

(d) All work, after the first one-half hour mealtime, the time shall continue through the rest.

(e) Double time shall begin Friday on the second shift, and continue until first shift begins on Monday morning.

(f) Once overtime has begun, it shall continue until the men have at least an eight-hour break.

(g) When a job is started at premium pay, it shall be finished the same as was started.

(h) Saw operators on firebrick shall receive $.25 above scale.

(i)     In extreme hot work, in fire brick, suitable covering and clothes shall be furnished, fire proof or insulated (whichever may be needed), and if necessary in stale or dusty air, fans or other means shall be used to protect the health of the man. All hot work shall be performed at double time rate.

TNOZIO

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 5

(j) When firebrick cutting is slow, it shall be the judgment of the men when to raise the line, but never to exceed two cuts of two courses.

(k) On all firebrick work where walls are nine inches thick (or two brick) or over, scaffolds shall not be over four feet high.

(l) On all firebrick jobs, the bricklayer shall be given fifteen minutes to wash up, put away his tools, and clear company property. When a bricklayer is laid off, he shall also receive fifteen minutes grace period to gather up any personal property.

18. Holidays. Memorial day, Fourth of July, Labor Day, Thanksgiving Day, Christmas Day, and New Year's Day are to be holidays, and all work done on these days shall be paid for at the rate of double time.

19. Minimum Hours. When any member is hired for a job and reports for work at the starting time and is not put to work (weather permitting) and the crew is working, he shall receive two hours pay. When any member reports for work at starting time and is laid off, he must be paid for two hours.

20. Breaks. Any job that works nine hours or more per day, the men shall be given two ten minute breaks per day - one in the morning, and one in the afternoon. Jobs that are less than nine hours shall be given one ten-minute break, either morning or afternoon, left up to the bricklayers.

Wages Due

21. Any Contractor paying by check shall have a detachable stub for records of wages, time, and deductions. When paying cash, shall itemize all pay and deductions on pay envelope.

22. No member of Local No. 5 is allowed to work on any job where men have failed to get their money on regular paydays.

Foremen

23. Foremen shall be practical mechanics in the branch of trade over which they exercise supervision. Foremen having the authority to hire, discharge, and exercise similar supervisory functions are recognized as the exclusive representatives of management. Superintendents are not required to be a Union member.

TN0210

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 6

24. Foremen shall receive five percent in excess of journeymen's rate when overseeing four men or less, and ten percent extra when overseeing five men or more.

25. When two or more members are working on the same job, one member must be assigned as foremen.

Safety and Sanitary Requirements

26. Safety will be of utmost concern of both workmen and management. Scaffolds will be properly built for intended loads, and inspected.

27. All saw blades shall be safety or diamond blades.

28. Where saws are used in cutting masonry material, an approved fan shall be attached to the saw to carry or blow the dust out of the building. All dry saws outside or in the open shall have approved fans attached also. Wet saw operators to be furnished with rubber globes and apron. All saws shall be properly grounded.

29. Contractors must furnish ice water during warm weather, and sanitary drinking cups at all times.

30. All mortar boards to be equipped with eighteen-inch legs, but must not at any time be over thirty inches above the scaffold plank or platform the mason is working upon.

31. Ladders shall be on all scaffolding extended three feet above platform. The rounds of the jacks are not to be used as a ladder, unless specifically designed and built to serve as a ladder. The intent of this verbiage is not meant to supersede any OSHA requirements.

32. For the safety of mechanic, no masonry material may be stacked over forty-eight inches high. When using lowered outrigger, material must not be higher than 4'6" above scaffold plank or platform mason is working upon.

33. Six feet or 6'6" scaffold jacks may not be used unless they are made to use outriggers not over thirty inches below tip, or more than 4'3" up from bottom.

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 7

### Joint Arbitration

34.  The parties to this Agreement agree to the establishment of a Joint
Arbitration Board, which shall consist of an equal number of representatives from the
Employer and from the Union.  The Board shall meet on the second Tuesday of each
month at 7:30 P.M. at such place as may be designated.  However, special meetings may
be held at any time upon the call of the Chairman or Secretary of said Board.  It shall be
understood and agreed upon by both parties attending all differences being submitted to
the Board for action that work shall proceed without work stoppage.

35.  Both parties of this Agreement will endeavor to solicit apprentices.
Applicants will be assigned to the Joint Apprentice Board.  The Joint Apprenticeship
Board, as outlined in Article 40 of this Agreement, will administer an apprentice-
schooling program.

### Wages and Benefits

36.  The following wage agreement has been approved by the Joint Arbitration
Board of Mason Contractors and Bricklayers Union Local No. 5 of Nashville, Tennessee.

Beginning May 1, 2002 and continuing until April 30, 2005, the base wage and benefit
package will be as follows:

|  | May 1, 2002 | May 1, 2003 | May 1, 2004 |
|---|---|---|---|
| Total Wage Package | $ 23.85 | $ 24.35 | $25.10 |
| Art. 37 Bricklayers' International Pension | $ 1.50 | $ 1.50 | $ 1.50 |
| Art. 38 Masonry Institute of Tennessee | $  .22 | $  .22 | $  .22 |
| Art 39 International Masonry Institute | $  .24 | $  .24 | $  .25 |
| Art 40 Joint Apprenticeship Committee | $  .10 | $  .10 | $  .10 |
| Art 41 Optional 401K plan |  |  |  |
| Base Wage | $ 21.79 | $ 22.29 | $23.03 |
| Art 42 International Dues Check-off | $  .24 | $  .24 | $  .25 |
| Local #5 Dues Check-off | .47 | .48 | .50 |
| Art 43 Vacation Deduction | .50 | .50 | .50 |
|  | $ 20.58 | $ 21.07 | $21.78 |

The Joint Arbitration Board shall have the option of allocating a portion or all of the
increase in base wage rates for the periods beginning May 1, 2002 and ending April 30,
2005, among the various benefit funds outlined in Article 36.

TN0210

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 8

Pension Plan

37. Contractors agree, as outlined in Article 36, in addition to the basic wage rate as established in this Agreement, to contribute to the International Pension Plan for each hour worked by all employees covered by this Agreement.

Masonry Institute of Tennessee

38. The Parties to the Collective Bargaining Agreement between Nashville Mason Contractors Association and Bricklayers Local Union No. 5, acting with the understanding that this step is in their mutual best interests, hereby stipulate and agree that said Agreement shall be amended by the addition of the following Article, which shall be in full force and effect until the date upon which said Agreement is to expire.

Section 1. In addition to any wages herein provided for, the Employer agrees, as outlined in Article 36, to pay into Masonry Institute of Tennessee for each hour of employment worked by all employees covered by this Agreement.

Section 2. Membership in, affiliation with, or stipulation to any other fund, association, or club, or lack of membership in any of the aforementioned, shall not absolve or relieve any Employee signatory to this Agreement from his obligation to make the aforementioned payments.

Section 3. The Employer agrees to be bound by the Agreements and Declarations of Trust establishing the Trusts described in Section 1 of this Article, as well as any amendments thereto, and agrees to be bound by all actions taken by the Trustees of said Trusts pursuant to said Agreements and Declarations of Trusts.

39. Contractors agree, as outlined in Article 36 in addition to base wage rate as established in this Agreement, to contribute to the International Masonry Institute for each hour worked by all employees covered by this Agreement.

40. Contractors agree, as outlined in Article 36 in addition to base wage rate as established in this Agreement, to contribute to Nashville Masonry Joint Apprenticeship Committee for each hour worked by all employees covered by this Agreement.

41. Optional 401K Plan

Section 1 The Employer hereby agrees to participate in BAC SAVE – The Bricklayers and Trowel Trades International Retirement Savings Plan (the Plan) on behalf of all employees represented for purposes of collective bargaining under this Agreement and other employees as permitted under this plan.

TN0210

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 9

Section 2 Effective May 1, 1998, the Employer will make or cause to be made pre-tax payroll deductions from participating employees' wages, in accordance with each employee's salary deferral election, subject to compliance with ERISA and the relevant tax code provisions. The Employer will forward the withheld sum to Bricklayers & Trowel Trades International Pension Plan or its successors at such time, and in such form and manner as required pursuant to the Plan and Declaration of Trust and requirements of law. Each employee shall have the opportunity to change the amount of wages so deferred at intervals specified in the Plan and Declaration of Trust.

42. Upon receipt of an authorization signed by the employee to whom this Agreement is applicable, the Contractor shall, pursuant to the provisions of such authorization, deduct from employee's earnings on the pay day of each week, an amount as determined in Article 36, per hour worked as the amount owed to the Union by each such employee for Union dues. As soon as possible after the end of the month, the Contractor shall mail to the Financial Secretary of the Union a check made payable to the Union for the amount of dues the Company has withheld during such month, which shall be accompanied by a list, in duplicate, containing the names of the employees, and the amount deducted from each such employee's earnings. Upon receipt of such check and list, said Financial Secretary of the Union shall sign one copy of such list acknowledging receipt thereof, and promptly return such signed list to the Company. The Union shall indemnify and hold harmless the Association and the Contractor against all claims resulting from the operations of this clause. The Contractor will not be responsible for negligent inadvertence in failing to check off, in checking off the wrong amounts, or in failing to remit to the Union in accordance with the strict language of this clause.

43. Vacation Fund

(1) The contribution to the Bricklayers Local Union #5 of Tennessee Vacation Trust Fund shall be a total of (refer to article 36) for each hour or portion thereof, for which a covered employee receives pay.

(2) The Employer agrees that this Vacation Fund contribution shall be deducted from the covered employees wages after all tax deductions have been made.

(3) The payments required above shall be made to the Bricklayers Local Union #5 of Tennessee Vacation Trust Fund, which was established under an Agreement and Declaration of Trust, dated May 1, 2000.

TN0210

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 10

### Apprentice Wages

45. The rate for Apprentices shall be the percentage of journeyman's base wage rate, as follows:

| | |
|---|---|
| 1st 6 months | 65% |
| 2nd 6 months | 70% |
| 3rd 6 months | 75% |
| 4th 6 months | 80% |
| 5th 6 months | 85% |
| 6th 6 months | 90% |

TNO21O

Collective Bargaining Agreement
May 1, 2002 thru April 30, 2005
Page 11

FOR BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL NO. 5

*James Temple*

DATE *April 23-2002*

FOR NASHVILLE MASON CONTRACTORS ASSOCIATION

*Ronald Laurl*

DATE  4-23-02

## I (a) PLAINTIFFS

JOHN FLYNN, et al.

**DEFENDANTS**

PHILLIPS MASONRY GROUP, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ira R. Mitzner (202) 420-2200
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC  20006

ATTORNEYS (IF KNOWN)

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O  1 U.S. Government
Plaintiff

⊗  3 Federal Question
(U.S. Government Not a Party)

O  2 U.S. Government
Defendant

O  4 Diversity
(Indicate Citizenship of
Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### O  A. *Antitrust*

☐  410 Antitrust

### O  B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### O  C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### O  D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

***If Antitrust, then A governs)***

---

### O  E. *General Civil (Other)*    OR    ○  F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

ERISA - Complaint filed for recovery of delinquent contributions - 29 U.S.C. Sections 1002, 1132, 1145

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ [ _____ ]   Check YES only if demanded in complaint   JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/30/07   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.