IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al., as Trustees of,     )
and on behalf of, the BRICKLAYERS     )
& TROWEL TRADES INTERNATIONAL     )
PENSION FUND,     )
    )
    and     )      Case No. 1:07-cv-00622-JR
    )
JIM ALLEN, et al., as Trustees of,     )      Judge Robertson
and on behalf of, the INTERNATIONAL     )
MASONRY INSTITUTE     )
    )
    Plaintiffs,     )
    )
v.     )
    )
PHILLIPS MASONRY GROUP, INC.,     )
    )
    Defendant.     )

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Phillips Masonry Group, Inc. ("Phillips") moves this Court to dismiss the Complaint for failure to state a claim upon which relief can be granted. Defendant Phillips Masonry Group, Inc. ("Phillips") is not, and has never been, a signatory to the collective bargaining agreement under which Plaintiffs bring this action for recovery of pension contributions. Accordingly, the Complaint must be dismissed for failure to state a claim under Rule 12(b)(6). A Memorandum of Points and Authorities in support of this Motion has been filed herewith.

/s/R. Mitchell Porcello
R. Mitchell Porcello (D.C. Bar No. 489077)
Robert E. Boston (TN Bar No. 9744)
Michael J. Rusie (TN Bar No. 26010)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219-1760
Tel:     (615) 244-6380
Fax:     (615) 244-6804
mitch.porcello@wallerlaw.com
bob.boston@wallerlaw.com
michael.rusie@wallerlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN FLYNN, et al., as Trustees of, | ) | |
| and on behalf of, the BRICKLAYERS | ) | |
| & TROWEL TRADES INTERNATIONAL | ) | |
| PENSION FUND, | ) | |
| | ) | |
|     and | ) | Case No. 1:07-cv-00622-JR |
| | ) | |
| JIM ALLEN, et al., as Trustees of, | ) | Judge Robertson |
| and on behalf of, the INTERNATIONAL | ) | |
| MASONRY INSTITUTE | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIPS MASONRY GROUP, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

**I.      Introduction**

Defendant Phillips Masonry Group, Inc. ("Phillips") is not, and has never been, a signatory to the collective bargaining agreement under which Plaintiffs bring this action for recovery of pension contributions.  *See* Complaint, Exhibit B, pg. 11.[1]  That agreement (hereinafter "CBA") is between the Nashville Mason Contractors Association ("NMCA") and the Bricklayers and Allied Craftsmen Local No. 5 ("Bricklayers").  Id.  Phillips is <u>not</u> a member of the NMCA, and Plaintiffs' Complaint does not allege any such membership.

Plaintiffs nonetheless allege they are owed unpaid pension contributions on the basis of a "Standard Form of Participation Agreement" ("Participation Agreement") signed by a

---

[1] Hereinafter "Exh. B."

representative from Phillips in 2004. *See* Complaint, Exhibit. A.[2]  Nowhere in the Participation Agreement does Phillips agree to be bound by the CBA, grant NMCA the authority to bargain on its behalf, or otherwise bind itself to the CBA.  Id.  Because the Participation Agreement is tied directly to a non-existent (as it relates to Phillips) collective bargaining agreement, the terms are unenforceable as a matter of law.

The Participation Agreement on its face purports only to obligate Phillips to make contributions "for each employee covered by the said Collective Bargaining Agreement."  Exh. A.  There is no "said Collective Bargaining Agreement" that covers any employee of Phillips. Phillips is not obligated to pay any pension contributions under the explicit terms of the Agreement.  This remains true even if Phillips voluntarily chose to make a payment to this or any other pension fund for a brief period of time.  Merrimen v. Paul F. Rost Electric, Inc., 861 F.2d 135 (6th Cir. 1988) (employer not bound to make pension contributions in accordance with collective bargaining agreement it did not sign even though employer voluntarily paid such contributions for a period of time).

Phillips respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    Facts

In April 2002, the NMCA and Bricklayers entered into their CBA.  Their CBA is a multi-employer collective bargaining agreement.  Exh. B.  Phillips is not a member of the NMCA, did not sign the CBA, and is not one of the employers covered by the CBA.  For employers who are members of NMCA and are bound by the CBA, the CBA mandates that certain pension contributions be made to the Bricklayer's and Trowel Trades International Pension Fund (the

---

[2] Hereinafter "Exh. A."

"Fund").  Exh. B, Articles 36-37.  According to the terms of their CBA, pension contributions must be made for "all employees covered by this Agreement."  Exh. B, Article 37.

In August 2004, a representative from Phillips signed the Standard Form of Participation Agreement with the Fund, but never the CBA.  The Agreement provides, *inter alia*, that:

> (a)  Commencing with the 1st day of May 1, 2002, and for the duration of the current Collective Bargaining Agreement between the said parties, and any renewals or extensions thereof, the Employer agrees to make payments to the Bricklayers and Trowel Trades International Pension Fund for each employee covered by the said Collective Bargaining Agreement…

Exh. A, ¶ 1(a).  There is no collective bargaining agreement between Phillips and the Bricklayers, there never has been, and no such agreement existed when the Agreement was signed.  The Participation Agreement does not specifically incorporate by reference the CBA or any request by Phillips to bind itself to the CBA between NMCA and the Bricklayers.  Exh. A. Instead, it refers to "the Collective Bargaining Agreement between the undersigned parties," a document that did not exist at the time and has never existed.  Phillips is not an "undersigned party."

On March 30, 2007, the Fund and International Masonry Institute brought this lawsuit, seeking pension contributions from Phillips.  In the Complaint, Plaintiffs allege that Phillips' signature on the Participation Agreement binds it to the terms of the CBA between NMCA and the Bricklayers, including its provisions that mandate pension contributions.  Plaintiffs further allege that Phillips has failed to pay such contributions in violation of the CBA and Agreement. Complaint, ¶ 7-13.  Phillips disagrees.

## III.    Argument

### A.    Motion to Dismiss Standard

A motion to dismiss is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Martin v. Ezeagu, 816 F.Supp. 20, 23 (D.D.C. 1993).  In evaluating a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court may consider not only the facts alleged in the complaint, but also any documents either attached to or incorporated in the complaint.  EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C.Cir. 1997).

### B.    Plaintiffs' Complaint Fails to Allege Sufficient Facts Entitling Plaintiffs To Pension Contributions Under the CBA.

Under federal law, an employer may not pay money to a labor organization - 29 U.S.C. § 186 - subject to a few limited exceptions.  One exception allows an employer to pay money to an employee benefit trust fund so long as "the detailed basis on which such payments are to be made is specified in a written agreement with the employer…."  Id.

Where, as here, the asserted "written agreement" is a collective bargaining agreement negotiated by a multi-employer association, it is well-established that a member of the purported multi-employer association must have "'indicated from the outset an unequivocal intention to be bound in collective bargaining by group rather than individual action.'" Teamsters 174 v. N.L.R.B., 723 F.2d 966, 972 (D.C.Cir. 1983) (quoting Western States Reg'l Council No. 3, Int'l Woodworkers of America v. N.L.R.B., 398 F.2d 770, 773 (D.C.Cir.1968)).  This test is a stringent one, and the "intention to be bound must be unequivocal."  Teamsters, 723 F.2d at 972. Phillips has never had or manifested such an intention:  the Complaint is devoid of such an averment.

Plaintiffs allege that Phillips is bound by the terms of the CBA between NMCA and the Bricklayers to make certain pension contributions in accordance with the CBA, a copy of which is attached to Plaintiffs' Complaint and incorporated therein. Complaint, ¶ 7; Exh. B. Plaintiffs' Complaint does not allege that Phillips is a member or that it ever authorized NMCA to bargain on its behalf. *See* Complaint. A review of the CBA reveals no reference to Phillips. There is no signature of a Phillips representative. Exh. B. There is no unequivocal intention demonstrated in the Complaint or on the face of the Agreements attached to the Complaint by Phillips to be bound. Plaintiffs' claim to require pension contributions by Phillips fails as a matter of law. *See e.g.* Merrimen , 861 F.2d 135 (6th Cir. 1988) (affirming motion to dismiss for employer on action to recover unpaid pension contributions because employer was not signatory to collective bargaining agreement between union and contractor's association and did not promise to adopt the agreement).[3]

Plaintiffs' argument that Phillips is somehow bound to the CBA by virtue of the Participation Agreement it signed with the Fund in 2004 is misplaced. Complaint, ¶ 7. They are different documents. The Participation Agreement does not incorporate by reference the CBA between the NMCA and Bricklayers. *See* Exh. A. Nowhere in the Agreement does Phillips manifest an intent to be bound by any collective bargaining agreement, let alone the CBA. Id. The Participation Agreement refers generically to "the current Collective Bargaining Agreement between the said parties." Id. The "said parties" to the Participation Agreement are Phillips and the Bricklayers. There has never been a collective bargaining agreement between Phillips and

---

[3] The stringent "unequivocal intention" test applies to *members* of multi-employer bargaining associations that enter into collective bargaining agreements. Because Phillips is not even a member of the multi-employer bargaining association at issue in this case, the NMCA, an even more stringent test should be applied before it could be deemed to be bound by a third-party's collective bargaining agreement.

the Bricklayers, and Plaintiffs' Complaint does not allege that any such collective bargaining agreement ever existed.

The Participation Agreement standing alone does not impose contractual obligations on Phillips to pay pension contributions to any known or particular employee.  The Participation Agreement is explicitly tied to a non-existent collective bargaining agreement, and pension contribution obligations are limited to employees covered under that non-existent agreement. The opening sentence of the Participation Agreement explicitly limits the agreement's application to "employees covered by the Collective Bargaining Agreement between the parties" (emphasis added) and a subsequent paragraph specifically limits pension contributions to "each employee covered by the said Collective Bargaining Agreement."  Exh. A.  Because  Phillips is not a party to any collective bargaining agreement with the Bricklayers, Phillips has no covered employees under the terms of the Participation Agreement to which it contractually owes a pension contribution.

Plaintiffs' Complaint does not and cannot allege otherwise.  Plaintiffs' Complaint merely alleges that Phillips agreed to make contributions for "covered employees" and then proceeds to set forth calculations of what Plaintiffs believe to be the amount owed to them.  Complaint, ¶ 8-12.  There is no allegation that a particular employee of Phillips is "covered," and no such allegation could be made in good faith.[4]  Without any such allegation, Plaintiffs do not state a

---

[4] The closest Plaintiffs' Complaint comes to such an allegation is Paragraph 6, wherein Plaintiffs allege "Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions."  Complaint, ¶ 6.  Phillips has no reason to know the truth or falsity of such an allegation because Phillips is not a party to a collective bargaining agreement, and it would be a violation of federal labor law for Phillips to inquire about its employees' membership in a union.  Nonetheless, even if this allegation were true, it is insufficient as a matter of law to state a contractual claim under the Participation Agreement, which requires that employees be "covered under a collective bargaining agreement between Phillips and the Bricklayers" before any pension contributions are owed by Phillips.

claim for which relief can be granted under the explicit terms of the Participation Agreement, and Plaintiffs claim must be dismissed.

## IV.     Conclusion

For the foregoing reasons, Phillips respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety.

/s/R. Mitchell Porcello
R. Mitchell Porcello (D.C. Bar No. 489077)
Robert E. Boston (TN Bar No. 9744)
Michael J. Rusie (TN Bar No. 26010)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219-1760
Tel:     (615) 244-6380
Fax:     (615) 244-6804
mitch.porcello@wallerlaw.com
bob.boston@wallerlaw.com
michael.rusie@wallerlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al., as Trustees of,          )
and on behalf of, the BRICKLAYERS           )
& TROWEL TRADES INTERNATIONAL               )
PENSION FUND,                               )
                                            )
  and                             )          Case No. 1:07-cv-00622-JR
                                            )
JIM ALLEN, et al., as Trustees of,          )          Judge Robertson
and on behalf of, the INTERNATIONAL         )
MASONRY INSTITUTE                           )
                                            )
   Plaintiffs,               )
                                            )
v.                                          )
                                            )
PHILLIPS MASONRY GROUP, INC.,               )
                                            )
   Defendant.                )

**PROPOSED ORDER**

  The Court finds that Defendant Phillips Masonry Group, Inc. is not a signatory to the collective bargaining agreement under which Plaintiffs bring this action for recovery of pension contributions.  Accordingly, the Complaint is hereby **DISMISSED** for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

  **IT IS SO ORDERED.**

           _____
           JAMES ROBERTSON, JUDGE

1501075.1